

**ORDERED in the Southern District of Florida on August 13, 2010.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-32049-BKC-AJC
CHAPTER 13

IN RE:

JULIETTE COLLADO,

    Debtor.
_____/
JULIETTE COLLADO AS TRUSTEE
FOR CELESTINO GIL,

CASE NO. 10-3019-BKC-AJC-A

    Plaintiff
vs.

ONEWEST BANK FSB,

    Defendant
_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT, WITH PREDUDICE**

THIS MATTER came before the Court for hearing on July 19, 2010 to consider

the Motion to Dismiss Complaint, with Prejudice (D.E. 4), filed by Defendant, OneWest

Bank, F.S.B ("OneWest"). Upon consideration of the argument of counsel for Plaintiff,

Julliette Collado ("Collado" or "Plaintiff") and counsel for OneWest, the Court grants the motion.

## Legal Standard

In deciding a motion to dismiss, the allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Courts favor the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.,* 901 F.2d 1571, 1573 (11th Cir. 1990) .

However, the plaintiff must do more than merely incant labels, conclusions, and the formulaic elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65.  The Court need not accept as true bald assertions and unsupportable conclusions or inferences,[1] legal conclusions "couched" or "masquerading" as facts,[2] or conclusions contradicted by the complaint's own exhibits or other documents, of which the court may take proper notice.[3]

## Background and Allegations of the Complaint

From the Plaintiff's Complaint, the following facts are alleged and taken as true:

1. Celestino Gil ("Gil") executed and delivered a note and mortgage to Trust One Mortgage Corporation, said note and mortgage being the subject of the Plaintiff's complaint.

2. The loan was assigned to IndyMac Federal Bank and is presently owned by OneWest.

---

[1] *In re Citigroup, Inc.*, 535 F.3d 45, 52 (1st Cir. 2008); *Michigan Division-Monument Builders of North America v. Michigan Cemetery Ass'n.*, 524 F.3d 726, 732 (6th Cir. 2008); *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996).
[2] *Twombly,* 127 S.Ct. 1955, 1965.
[3] *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008); *In re Gilead Sciences Security Litigation,* 536 F. 3d 1049, 1055 (9th Cir. 2008).

3. Gil is not a debtor in the underlying bankruptcy proceeding, or a party to this Adversary Proceeding.

4. The real property, which is the subject of the mortgage in question, was also the subject of a mortgage foreclosure action filed in October, 2008.

5. A final judgment of foreclosure (the "Final Judgment") was entered in the State Court proceeding on May 13, 2009.

6. Collado, acquired ownership of the subject real property by way of a Quit Claim Deed from Gil, which was executed and recorded prior to the filing of Collado's underlying bankruptcy proceeding, yet subsequent to the entry of the Final Judgment.

7. Collado asserts in paragraph 5 of her complaint that, "Plaintiff as a family member obtained ownership of the subject house and filed her chapter 13 bankruptcy." The Court takes judicial notice that Collado's address is that of the subject property, 15221 SW 155 Avenue, Miami, Florida 33187.

## Analysis

Plaintiff's Complaint alleges two causes of action: one for "reformation of the promissory note" and the other for fraud. Upon consideration of the allegations, viewed in a light most favorable to the Plaintiff, this Court determines it has no authority to reform the note and mortgage, based on fraud, as the State Court has entered a final judgment foreclosing the note and mortgage. Even if this Court could entertain such an action, which it does not believe it can, the Plaintiff has failed to allege the requisite standing necessary to sustain these causes of action when she was not a party to the loan documents or the loan transaction.

Remedies based upon alleged fraud in the inducement are "personal" to the actual borrower, in this case, Gil. Litigation of defenses and compulsory counterclaims, are part and parcel to the mortgage foreclosure action wherein the amount, validity, and entitlement to foreclose the debt were adjudicated. Thus, given that a final judgment has been entered by a State Court of competent jurisdiction, based on the doctrines of *res judicata* and collateral estoppel, Collado cannot now state a cause of action for fraud which should have been asserted by way of a compulsory counterclaim and or affirmative defenses in the foreclosure proceeding.

In determining the preclusive effect of a state court judgment, a federal court must look to the rules of r*es judicata* in the state in which the judgment was rendered. *See*, *Layfield v. Deutsche Bank National Trust Company,* 194 Fed.Appx. 637, 639 (11th Cir. 2006) *citing Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985) (citing 28 U.S.C §1738, the court noted the requirement that federal courts give state records and judicial proceedings full faith and credit). Fraud and, specifically, fraud in the inducement have generally been recognized as compulsory counterclaims to a mortgage foreclosure proceeding in Florida. *See*, *Yer Girl Tera Mia, Trust, v. Wimberly,* 962 So.2d 993 (Fla. 5th DCA 2007) and *Hinton v. Brooks,* 820 So.2d 325 (Fla. 5th DCA 2001).

Federal courts will not allow a matter to be relitigated in federal court after the state court has entered a foreclosure judgment. *See*, *United States v. Warford,* 791 F.2d 1519, (11th Cir. 1986). Courts have overruled objections to proofs of claim to the extent that the claim is based upon a state court judgment of foreclosure rendered in Florida. *See*, *Layfield, supra.*

Even if the Court had authority to entertain such claims, the Plaintiff's complaint fails to establish constitutional and prudential standing. With respect to constitutional standing, Plaintiff must demonstrate: (1) she has suffered injury in fact; (2) the injury is fairly traceable to the actions of the Defendant; and (3) the injury is likely to be redressed by a favorable decision. *Johnson v. Ocwen Loan Servicing*, 2010 WL 892851, 1 (11th Cir. 2010). For prudential standing, the Plaintiff must assert her own rights and interests and may not rely on the rights and interests of others… *Johnson,* 2010 WL 892851 at 4. The Plaintiff has failed to allege key elements necessary to establish fraud, namely because the Plaintiff was not a party to the loan.

The elements of fraud under Florida law are: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. *Azar v National City Bank,* 2009 WL 3668460 (M.D.Fla.) *citing Lance v. Wade*, 457 So.2d 1008, 1011 (Fla. 1984). With the possible exception of the first element, Collado has not alleged facts which satisfy the remaining elements. First, based upon the allegations made, specifically that the Plaintiff was not and is not a party to the loan, it is not possible to prove detrimental reliance. In a similar situation, where a mother (mortgagor) transferred a residence to her daughter via quit claim deed, the daughter was found to lack standing (she was not a borrower or otherwise obligated on the loan) to assert alleged claims for fraudulent charges by the lender under TILA, FDCPA, and Illinois Fraud and Deceptive Business Practices Act. *See Johnson,* 2010 WL 892851 at 1. Without such essential allegations as injury or reliance, a cause based on fraud is not

stated.  *See, Alcantara v Citimortgage, Inc.* Adv. No. 07-0221-PMG 1, 5 (Bankr. MD. 2008) *citing Bell Atlantic Corp. v Twombley,* 550 U.S.544, 127 S.Ct. 1955, 1959 L.Ed.2d 929 (2007).

In addition, beyond the determinations addressing the Complaint, Collado's attempt to modify the terms of the mortgage is otherwise prohibited under 11 U.S.C§ 1322(b)(5) where the subject property is the Plaintiff's residence.  Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED and Plaintiff's Complaint is dismissed, with prejudice.

# # #

**Submitted by:**
Gregg S. Ahrens
Attorney for OneWest Bank, FSB
8201 Peters Road, Ste. 3000
Plantation, Florida 33324
Telephone:  (954) 356-1672
Facsimile: (954) 382-5380

*Gregg S. Ahrens, Esquire is directed to serve copies of this order on the parties listed below and to file the certificate of service of order.*

**Copies furnished to:**
Lawrence M. Shoot, Esq.
4830 SW 92 Ave
Miami, FL  33165